Plantiffs Name       John R Gibree

Defentant Name       United States Postal Service

Complaint  04-40251FDS

(1) I John Gibree is a Resident in Massachusetts and citizen of The United States

(2) United States Postal Service

5-7 Pages of Facts on Seperate paper work. Attached

8   10,000,000.00 + health Benifits.

9   Working in very unhealthy Conditions, Managements Abuse, Retaliation. Decay of Personal health and infecting my family, and Destroying my family as a whole. Physically, mentally, financially

10) I John Gibree demand Trial by Jury.

**PS Form 2565, March 2001**

**Question 16:**

There was progressive and increasing personalized pressure and retaliation towards me because of my trying to achieve a healthy working environment. The initial stress of working in an unhealthy environment initially caused depression. This depression worsened over the years to be major and continued deepening due to my treatment by those entrusted to manage both the building and its employees. The contract states that a healthy working atmosphere must be assured to employees at all costs by management. I followed all proper procedures available to me by the USPS. In many ways, management neglected their responsibility to keep me in healthy environment. They overlooked obvious signs of cigarette smoking in the employee bathrooms and reported me to staff as a snitch therefore causing undo tension with some employees. This was an abuse of their authority and caused further stress for me, causing a deeper depression and physical ailments related to stress. I filed grievances, 1767's, (hazard reports), EEO complaints, EAP, Department of Public Health, OSHA, the Tobacco Control Unit and others. They took my contractual rights away from me. As time went on, management was out to get me, (quote Armend Geoffrion). The situation worsened and my rights were progressively ignored after Mike Falvey retired as AVP of our local union ~1992.

There is a strong paper trail that shows that I repeatedly attempted to submit safety suggestions with no response. This too is against the contract. My attempts were riciculed and I became the butt of many management jokes. Suggestions that were used went unrewarded. I was placed on off duty on December 29, 2003 for disobeying a safety order, yet Sue LeBlanc lost her license for one day for disobeying safety orders for years, not just once. Why was I treated differently? She was also injured in a related unsafe working habit, as were many other emplyees but management did not place them on off duty status. Just me.

The reaction of Joe Fortunato on December 29, 2003, to my reaction of his request to apply a seat belt, was personal. In Joe's own words, I had the option to take another job assignment. Joe kicked me out for no reasonable reason. As a member of management, he should have the skills required to redirect me to another area. He did nothing to de-escalate the situation. As far as the stepping on the foot incident goes, it was indeed an accident to which I have sworn under oath. Mangement and union collaborated at this point and used this situation to both of their advantages. The labor union lied at my arbitration case stating that there was no one willing to come forward to support me. In conversation with employees, no one was asked to come forward in my support. During this time period I was not allowed to be on the premises and therefore could not have gotten or known that I needed to gather these witnesses. I was told to trust them, that they had my best interest at hand.

My disability of major depression started due to stress at the post office and continued to build over time due to mistreatment by management and union.

*[signature: John R. _____]*

NLRB 5168W (6/96)

Case 1-CB-10358

County of Suffolk

Commonwealth of Massachusetts

## AFFIDAVIT

I, John Gibree, being first duly sworn upon my oath, hereby state as follows:

I have been given assurances by an agent of the National Labor Relations Board that this affidavit will be considered confidential by the United States Government and will not be disclosed unless it becomes necessary for the government to produce the affidavit in connection with a formal proceeding.

1. I live at 11 Marwood Road, Worcester, MA, 01602. My home phone number is 508-756-2898.

2. I worked for the United States Postal Service (USPS) for nearly 17 years. I used to work to in Worcester, and then in 1991 I moved over to Shrewsbury. At the time of my termination, I was a mailhandler; my primary function was to operate a forklift in the distribution center. My rate of pay upon termination was just over $20 per hour, working 40 hours per week, with an additional 20 hours of overtime.

3. I was terminated around January 20, 2004 for misconduct. I filed charges with the NLRB and a grievance with the Union. The Union took my case forward to arbitration and the hearing was held on June 22, 2004.

4. The Union lied to me, they stated that the Employer could not bring up any past disciplines at the arbitration hearing that could be used against me. The Employer brought up several instances my conduct at work. I think that this was used against me. The Union did not object; they just sat there and let the Employer present its evidence.

5. I took the stand at the hearing. I was asked several questions by the Employer about my past conduct. I was surprised by this, since the Union told me that they couldn't ask this. On the stand, I was confused and disoriented. I got upset, and I raised my voice.

6. At the hearing, I did not testify about my grievance filing activities. I did state that I made numerous complaints and that I was being harassed because of it. I testified that the Postal Service was retaliating against me because of my complaints regarding health and safety. I testified about a situation that had occurred where I was arrested and charged with assaulting a Police Officer. These questions were asked by the Employer.

7. I wanted to testify that: I filed numerous 1767s over safety, EEO complaints, Board of Health complaints and that the Employer retaliated against me because I was trying to get outside help to resolve the matter of my unhealthy

National Postal Mailhandlers Union 1-CB-10358

work environment. I did not testify to this, because the Union advised me not to.

8. I testified that I stepped on Joe Fortunado's foot and that I grabbed him because I was trying to prevent myself from falling down.

9. My Union put off the arbitration hearing for several weeks while they waited to get this particular abitrator. Craig Lauzon, my Union representative, said that it was a 'sure win'.

10. The imprint on Joe Fortunado's shoe was obviously done with a light amount of pressure due to the depth of the imprint on the shoe.

I have read this statement consisting of two (2) pages, including this page, I fully understand its contents, and I certify that it is true and correct to the best of my knowledge and belief.

*John R. Gibree*
John Gibree

Subscribed and sworn to before me at Boston, Massachusetts on November 3, 2004

*Todd D. Saveland*
Todd D. Saveland
Board Agent
National Labor Relations Board

National Postal Mailhandlers Union 1-CB-10358

2

NLRB 5168W (6/96)

Case 1-CA-41615

County of Suffolk

Commonwealth of Massachusetts

## AFFIDAVIT

I, John Gibree, being first duly sworn upon my oath, hereby state as follows:

I have been given assurances by an agent of the National Labor Relations Board that this affidavit will be considered confidential by the United States Government and will not be disclosed unless it becomes necessary for the government to produce the affidavit in connection with a formal proceeding.

1. I live at 11 Marwood Road, Worcester, MA, 01602. My home phone number is 508-756-2898.

2. I worked for the United States Postal Service (USPS) for nearly 17 years. I used to work to in Worcester, and then in 1991 I moved over to Shrewsbury. At the time of my termination, I was a mailhandler; my primary function was to operate a forklift in the distribution center. My rate of pay upon termination was just over $20 per hour, working 40 hours per week, with an additional 20 hours of overtime.

3. In the 1990s, President Clinton signed into law that no one would be permitted to smoke in Federal buildings. It is my understanding that this law applied to all USPS buildings. From about 1996 or 1997, the USPS put up 'No Smoking' signs in my workplace. My coworkers continued to smoke in the workplace. It was just like walking into a smoky bar. As a result of the cigarette smoke, I got really bad headaches. This affected my job performance.

4. The Employee Labor Manual (ELM) was revised on 5-13-93, to incorporate the No Smoking policy in USPS buildings. This prohibition can be found at section 882.1 of the ELM.

5. I called OHSA in Springfield, MA at the beginning of December, 2003. I asked the Agent whether or not they could help me solve this workplace smoking problem. She said that she couldn't help me, that OSHA didn't have a policy on smoking. At that point, I told her that I understood how some people get frustrated with getting the 'run around'. I told her about how one of my co-workers went 'Postal' on a supervisor, where the supervisor was harassing the employee and he turned around and squished the supervisor's eyeball into her head. He got fired and went to jail. The woman that I spoke to was Carol Horowitz, 413-785-0123.

6. A couple of days later, I was confronted by management telling me that I was being put on administrative leave because I was unfit for duty. The supervisor

USPS 1-CA-41615

said to me that this was as a result of my call over to OSHA. I subsequently called OSHA in Springfield and in Boston, the OSHA agents told me that the woman that I had originally spoken to had reported my behaviour to Postal Management.

7. On December 5, 2003, I was approached by management, I was handed a document by ~~Deanne~~ DAN Gianini, stating that I was on leave until I reported for a fitness for duty test administered by a doctor. I didn't request Union representation at that time. A week later, I made a verbal request

8. I was put on leave for three weeks. I field a grievance with the Union and I heard that I won the grievance.

9. I came back to work on December 27, 2003. Two days later, December 29, I was terminated. I was approached by a supervisor, Joe Fortunado, who told me that OSHA was in the building and they had mandated the USPS to have forklift operators wear seatbelts. I told him "You care about safety now. For 8-10 years I have put in safety suggestions and not one was processed properly. Once management handles them properly then I will wear the belt."

10. Joe gave me the option "then you are not driving the forklift." I told him "I want to see a steward." Joe then reached in between my legs and turned off the forklift. I got off the forklift and went towards the Union office, I said "I cannot believe this." Joe said "why don't you get out of here." I said "what?" He said "go home, leave the building".

11. I approached Mary Ellen Winkelman, my steward and told her that I was being thrown out of work for not wearing my seatbelt. I was heading toward the exit because Joe had told me to leave. Joe said "you have two minutes to leave or I will call 911, the police and have you escorted out of here." Joe continued to yell at me. When I turned to leave the building, I accidentally stepped on Joe's left foot with the right side of my foot. I said "exuse me". He said "you did that on purpose, what are you an asshole." I said, this is totally unfair, you're throwing me out for an unjust cause and without Union representation and that's against the law.

12. When I was told to leave the building, I was not asked anything in my defence. Management just made the decision to throw me out.

13. I was terminated from my employment on January 28, 2004, stating that I would be terminated effective March 1, 2004.

14. I feel that the Employer denied me Union representation by not letting me talk to my Steward. This is not the only time that the USPS has denied me my Weingarted rights. In July 28, 2003, I wanted to work another job, that I was entitiled to because of my senority. I made this request verbally to Denette Campbell, she denied that I worked. The next day, I made the same request and she again denied it. The third day, I made the same request. She said that she didn't have to put me on any job, that was her prerogative. I said I want to see a steward. She responded that "You will never see a steward on my tour on overtime."

USPS 1-CA-41615

2

15. I have filed a greivance with the Union. I don't feel that the Union is properly representing me in this matter. All of the meetings have been behind closed doors. I sent requesting that they send me all of the minutes of the meetings and documents relating to my termination. They have not responded to my requests.

I have read this statement consisting of 3 pages, including this page, I fully understand its contents, and I certify that it is true and correct to the best of my knowledge and belief.

*John Gibree* [signature]
John Gibree

Subscribed and sworn to before me at Boston, Massachusetts on March 24, 2004

[signature]
Todd D. Saveland,
Board Agent
National Labor Relations Board

USPS 1-CA-41615

3

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

04 40251

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
John R Gibree
11 MARwood Rd
Worcester MA 01602

## DEFENDANTS
United States Postal Service
192 Main St
Shrewsbury MA. 01546

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☑ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Discrimination, Breaking EEO Binding Contracts, Whistle Blower, Fraud, Denying Healthy Work Environment, Not Adhearing To National Contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 10,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **John R Gibree**
   **United States Postal Service**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☑   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **John R Gibree**
ADDRESS **11 Marwood Rd. Worcester MA. 01602**
TELEPHONE NO. **(508) 756-2898**

Coversheetlocal.wpd - 10/17/02