John Gibree
Plaintiff

vs.

United States Postal
Service

Civil case # 04-40251-FDS

This is a motion to continue the case due to the abuse this little Dicktator Supervisior has willingly abused his authority.
I would have a greater need to bring closure to this case A.S.A.P. The better

Thank You
Very Much
John R. Gibree
John R. Gibree



# NATIONAL POSTAL MAILHANDLERS UNION
# DIVISION OF THE LABORERS INTERNATIONAL
# UNION OF NORTH AMERICA AFL-CIO LOCAL-301

August 22, 2002        (02-3104) John Gibree

Arthur LeDoux
MDO, Tour 3
CMP&DC
192 Main Street
Shrewsbury, MA 01546

Mr. LeDoux,

    The Union is submitting this letter of corrections and additions in accordance with Article 15.2(i) of the National Agreement.

    Management failed to show that the discipline at issue is progressive in nature. Clearly this notice is punitive. M.D.O. Armand Geoffrion purposely antagonizes Mr. Gibree. Mr. Geoffrion has told the Branch President that he is in fact "out to get John". Mr. Geoffrion could have avoided the whole issue had he allowed his floor supervisor to do his job. The step 2 agreement for this facility is "the actual determination of whether a request for documentation is appropriate will be made by the immediate supervisor who will so notify the employee, if necessary." M.D.O. Armand Geoffrion was not John's immediate supervisor S.D.O. Doug Downing was. M.D.O. Arthur LeDoux knows this and should have realized this before concurring on the suspension. Management cites E.L.M. 513.365 in the notice of suspension. What management fails to mention when citing this section is that the manual states "....or AWOL" management had other options before charging Mr. Gibree with AWOL.

    Request for documentation other than for those on restricted sick leave is for the protection of the interests of the Postal Service. Management did not, and has not stated what the "interests of the Postal Service" is that they are protecting. M.D.O. Geoffrion states in the 2608 that he asked John for "acceptable documentation", yet M.D.O. Geoffrion never stated to John what was "acceptable". John wrote on the 3971 why he was going home sick and the reason he was sick. Not all sick leave results in a trip to the hospital. M.D.O. Geoffrion did not ask for "medical documentation".

    The union presented a copy of Mr. Gibree's 3972 for the year 2002. This form was printed in July 2002. Under the dates cited in the notice of suspension (July 4 and 5 2002) there is no notice of John being absent, never mind being AWOL. Instead they list only one day, July 3 2002. This is one more reason that the suspension is deficient.

    The union is also arguing that Mr. LeDoux should not have been the Step 2 Designee on this suspension. Mr. Ledoux was the concurring official, and then was placed as the step 2 designee. Mr. Ledoux should have excused himself and allowed one of the other Step 2 Designee's to replace him on this one grievance. Due to Mr. LeDoux friendship with Mr. Geoffrion outside of work, this clouds management's impartiality on this particular grievance. Mr. LeDoux did not even bother to conduct a proper investigation before concurring. One of the obligations of management is to have given the employee his "day in court"

Next Page

had Mr. LeDoux given John his day in court, or a pre- disciplinary interview, then this whole situation could probably been avoided. Instead, M.D.O. Geoffrion is fulfilling his statement of "getting John".

Craig Lauzon
Branch President
Branch 127
Mail Handlers Local 301
CMP&DC
192 Main Street
Shrewsbury, MA 01546



# **OTHER APPLICABLE LAWS AND REGULATIONS**

**The Weingarten Right**

In the case of <u>NLRB v. J. Weingarten, Inc.</u>, the U.S. Supreme Court held that an employee has a right, under Section 7 of the NLRA, to have a knowledgeable union representative present whenever he or she is interviewed by a supervisor or Postal Inspector, and has reasonable cause to believe that discipline will result from that interview. This right is independent of any rights under the National Agreement.

Section 7 of the NLRA states in part "that employees have the right to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." When enforcing <u>Weingarten</u> rights, the courts and the NLRB emphasize the term "mutual aid or protection," and conclude that an employee is entitled to union representation when being interviewed or questioned with reasonable cause to believe discipline may result.

It must be recognized, however, that the <u>Weingarten</u> right is the employee's right and not the union's. Thus, to be activated, the employee, rather than the union, must request the presence of a union representative. Once the request is made, the employer is required to either:

  (1) grant the request;
  (2) discontinue the interview unaccompanied by a union representative; or
  (3) have no interview at all.

There are two principle characteristics of a <u>Weingarten</u> situation that must be considered in determining whether or not an employee has a Section 7 right to the presence of a union representative.

1. Generally, the interview must be investigatory in nature. In <u>Weingarten</u>, a member of the Retail Clerks union was called in by

23

# Local 301, Mail Handler Union

Division of the Laborers' International
Union of North America, A.F.L.-C.I.O

Local 301

NEW ENGLAND

6/15/93



HEADQUARTERS:
38 CHAUNCY STREET, SUITE 802
BOSTON, MA 02111-2301
Telephone: (617) 426-4616
Fax: (617) 423-1727

The following is an account of a conversation between Dave West (union steward) and Armand Geoffrion (supervisor). As a witness of this conversation, I observed the conversation was about the rights of a female mailhandler to bump a casual. The jist of the conversation was that Armand was tired of the whining and complaining of the "bitches". He alleged he did not want to put up with "any more of their shit". Armand said this was off the record. Dave stated that statements would be taken as on the record since he was there as a steward. Armand said he "didn't give a fuck". Armand also stated that he could get away with anything once. Dave stated that we all had the same contract and should adhere to it. Armand again stated that he "didn't give a fuck". Again the reference to the female mailhandlers was "bitches" and "fucking cunts".

Basically the conversation was rough, derogatory, and non-caring by Armand.

Michael S. Ziemba
Tour 1 Mailhandler

# Local 301, Mail Handlers Union
Division of the Laborers' International
Union of North America, A.F.L.-C.I.O

Local 301 *Professional Supervision History Item 4*  NEW ENGLAND

I #1



6/15/93

HEADQUARTERS:
38 CHAUNCY STREET, SUITE 802
BOSTON, MA 02111-2301
Telephone: (617) 426-4616
Fax: (617) 423-1727

At approximately 10:05 p.m. I (David West-union steward) approached supervisor Armand Geoffrion in regards to mailhandler Sharon Scirpoli being emotionally distraught. Armand proceeded to tell me how these no-good bitches were useless, unoficially, he laughed. I then told Armand that every thing being said was official as I was investigating this problem as an official of the Mailhandlers Union. Supervisor Geoffrion told me he didn't give a shit and he was tired of lazy workers, especially these silly cunts. I told Supervisor Geoffrion I was under the impression that dignity and respect towards workers was taking a precedent in the Postal Service. He replied that he didn't care about that and he was going to move the mail anyway he saw fit, contract or no contract. His statement at this point was "Write a fucking grievance". He then told me he can do anything once even if he knows it is wrong. I told Supervisor Geoffrion that this was not how things worked. He shouted "Fuck it. Tell the plant manager because I really don't give a shit." Supervisor Geoffrion's attitude is "I am king and the rest of the people working here are dog shit." This is the second major incedent in one month involving Armand Geoffrion in a confrontation with mailhandlers in totally showing no respect to the person whatsoever. If Supervisor Geoffrion doesn't wish to work together with the Mailhandlers Union as other supervisors are doing in the hopes of improving our working lives, then he should be granted permission to return to the craft he came from.

*David A. West*

David West
Steward-Tour 1
Local 301
NPMHU

I have been Treated like this all the Time by Armin Geoffrion, more than any other employee. Armin has set a standard To have it in for me.