UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN R. GIBREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. CV-04-40251-FDS |
| | ) | |
| JOHN E. POTTER, | ) | |
| POSTMASTER GENERAL, | ) | |
| UNITED STATES POSTAL | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER

Defendant, John E. Potter, Postmaster General, United States Postal Service ("Postal Service"), by and through his attorney, Michael J. Sullivan, United States Attorney, Christopher Alberto, Assistant United States Attorney, answers the Complaint upon information and belief, as follows:

    1.  Defendant admits the allegations set forth in paragraph 1 of the Complaint.

    2.  Defendant assumes that Plaintiff's reference to the "United States Postal Service" indicates his intent to describe the Defendant and admits this allegation.

 5.-7. To the extent that the Complaint asserts allegations in the document titled "Affidavit of John Gibree dated November 3, 2004", Defendant responds to the numbered paragraphs in the Affidavit as follows:

1

1.-3.  Defendant admits the allegations set forth in paragraphs 1-3 of the Affidavit.

4.  Defendant denies the allegations set forth in paragraph 4 of the Affidavit.

5.  Defendant admits only that Plaintiff testified at the arbitration over his removal, but denies all remaining allegations.

6.  Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 6 of the Affidavit and leaves Plaintiff to his proof.

7.  Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 7 of the Affidavit and leaves Plaintiff to his proof.

8.  Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 8 of the Affidavit and leaves Plaintiff to his proof.

9.  Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 9 of the Affidavit and leaves Plaintiff to his proof.

10.  Defendant denies the allegations set forth in paragraph 10 of the Affidavit.

To the extent that the Complaint asserts allegations in the document titled "Affidavit of John Gibree dated March 24, 2004", Defendant responds to the numbered paragraphs in the Affidavit as follows:

1-2.   Defendant admits the allegations set forth in paragraphs 1-2 of the Affidavit.

3.   Defendant denies the allegations set forth in paragraph 3 of the Affidavit except that Defendant admits that it has propounded anti-smoking regulations.

4.   Defendant admits the allegations set forth in paragraph 4 of the Affidavit.

5.   Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 5 of the Affidavit and leaves Plaintiff to his proof.

6.   Defendant denies the allegations set forth in paragraph 6 of the Affidavit except that it admits that Plaintiff was placed on administrative leave.

7.   With regard to the allegations set forth in paragraph 7 of the Affidavit, Defendant admits only that Plaintiff was provided with a document indicating that he was placed on administrative leave until completion of a fitness for duty examination. Defendant denies all remaining allegations set forth therein.

8.   With regard to the allegations set forth in paragraph 8 of the Affidavit, Defendant admits only that Plaintiff was placed on administrative leave and denies all remaining allegations set forth therein.

9.   With regard to the allegations set forth in paragraph 9 of the Affidavit, Defendant admits only that Plaintiff engaged in conduct on or

about December 27, 2003 that led to his termination and denies all remaining allegations set forth therein.

10. With regard to the allegations set forth in paragraph 10 of the Affidavit, Defendant admits only that Plaintiff failed to follow an instruction of his supervisor and was told to leave the building. Defendant denies all remaining allegations set forth therein.

11. Defendant is without knowledge or information sufficient admit or deny the allegations contained in paragraph 11 of the Affidavit except that Defendant denies that Plaintiff stepped on Supervisor Fortunato's foot by accident.

12. Defendant denies the allegations set forth in paragraph 12 of the Affidavit.

13. With regard to the allegations set forth in paragraph 13 of the Affidavit, Defendant admits only that Plaintiff was terminated from his employment on or about January 28, 2004.

14. Defendant denies the allegations set forth in paragraph 14 of the Affidavit.

15. Defendant denies all allegations set forth in paragraph 15 of the Affidavit except that Defendant admits that Plaintiff's union filed a grievance contesting his removal.

8. Defendant is unable to determine the nature of the allegations set forth in Plaintiff's paragraph number 8, but to the extent that he is making a claim for damages, Defendant denies these allegations.

9. Defendant is unable to determine the nature of the allegations set forth in Plaintiff's paragraph number 9, but to the extent that he is making a claim for either liability or damages, Defendant denies these allegations.

10. Paragraph 10 of Plaintiff's Complaint asserts a request for a trial by jury and Defendant denies that Plaintiff is entitled to a jury trial on his remaining claim for breach of contract/breach of duty of fair representation.

11. To the extent that the Complaint asserts allegations in the document titled "PS Form 2565, March 2001, Question 16, Defendant denies the allegations contained therein, and specifically avers that Defendant took the appropriate action on claims of safety and health violations. Defendant also specifically denies that it collaborated with the Union to act against Plaintiff.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted.

2. Some or all of Plaintiff's claims are barred by the applicable statute of limitations

3. Defendant did not breach the collective bargaining agreement as alleged and Plaintiff's Union did not breach its duty of fair representation.

4. To the extent that Plaintiff seeks damages other than equitable damages, this Court lacks subject matter jurisdiction over such claims.

5. Plaintiff is not entitled to a trial by jury on his remaining claim of breach of contract/breach of duty of fair representation.

Wherefore, Defendant respectfully requests that this Complaint be dismissed.

                    Respectfully submitted,
                    JOHN E. POTTER,
                    POSTMASTER GENERAL

                    By His Attorney

                    Michael J. Sullivan
                    United States Attorney


Dated 2/22/06                    /s/ Christopher Alberto
                                      Christopher Alberto
                                      Assistant U.S. Attorney
                                      U.S. Attorney's Office
                                      One Courthouse Way, Suite 9200
                                      Boston, MA 02210
                                      617-748-3311