11/30/06

**JOHN R. GIBREE**

**Plaintiff,**

**Civil No.04-40251-FDS**

**V.**

**JOHN E. PORTER**
**POSTMASTER GENERAL,**
**UNITED STATES POSTAL SERVICE**

**Defendant, represented by Christopher Alberto**
**United States Attorney's Office**
**Telephone: 617-748-3311**
**Fax: 617-748-3972**

ATT.
Judge Hillman

Dear Judge Hillman,

I hope you can understand the quality of my paper work is lacking professional protocol, but in my paper, there are cold facts of abusive USPS management to inflict intentional unfair discipline causing decay in my health, trauma, physical, mental financial burdens which infected my family. I went through the discovery process only to have the same result. The USPS can do no wrong, and admits to nothing. I have found and confirmed through research and experience that the USPS is untouchable. A court trial with a jury is needed to bring justice to unhealthy work environments. Until that day, the government agencies followed the USPS of a do no wrong attitude and only because I was asking for healthy working conditions. The Government of the United States is sending soldiers to their death for Iraqi rights. I was only asking for my civil rights. As a citizen and a member of the so-called union, I asked my rights to be acknowledged only to be unjustly terminated by the USPS dictatorship. The fact of all this was unnecessary from the beginning. It was a case of smoking cigarettes with no responsibility or care to non-smokers. To be abused by a government agency for requesting my civil rights and contractual rights to have healthy working conditions that must be assured at all cost to all USPS employees is unjust. I apologize Judge Hillman for my rambling on, but my health problems have affected me in many ways. I again plead for your understanding of the facts. I am an ex. Postal employee that developed many physical and mental stress related conditions causing trauma and decay relating directly to actions of USPS management (a dictatorship above the law attitude). Dear Judge Hillman, I make a motion asking to still have the right to subpena witnesses in my day of court. That will have undeniable facts to prove how uncaring, unequal treatment, unjust discipline, and harm this little group of law breaking U.S. Government representatives within the U.S.P.S.. How is it allowed that a law abiding agency known as the USPS be allowed to treat people like crap and not be accountable for their unlawful actions. I hope Christopher Alberto would make available a inspection of records of discovery hearing as my inflation of stress during this hearing I am asking you to look over some past related cases within the court system.

1. Howcroft v. City of Peabody 51 Mass app. CT.537 (2001)
2. Pontremoli v. Spaulding Rehabilitaion Hospital 51 Mass App.CT. 622 (2001)
3. TortLaw Cummings vHPG International, Inc. 244 F. 3d16(1st CIR.2001)
4. Comonwealth v. Winsome Brissett 55 Mass App. CT. 862, 774 N.E. 2d 1170(Sept 16,2002)
5. National Rail Road Passenger Corp. v. Morgan 1225. CT 2061, 153L. Ed.2d 106(2002)
6. Cival Right denied 279F3d49 (1st CT.2002)
7. Melendez- Arroyo v. Cutler Hammer D e P.R. Co. Inc. 273 F.3d 30 (1st cin. 2001)

I also did some investigating into summary of legal cases regarding smoking work place and other places.Retaliation/ wrongfull discharge

1. Hentzel v. Singer Co. etal., 138, cal.app.3d 290,188 cal. PpTr. 159,(1982).

2. Anderson v. Anoka country welfare board No 79-269, U.S. District court(D. Minn 1981) was denied the first amendment and fourteenth amendment.
3. Stotka v. Dakota county, Dakota county(MN) District court Docket No. (2926767(1993)
4. Bompane v. Enzolobs Inc. 160 Misc. 2d 315,608 N.Y.S 2d 989, 9.1 TPLR 2.212, 10 IER cases 601(NY Suffolk county supreme court 1994)
5. Carrol v Tennessee Valley authority,697 F. Supp. 508, 3 IER Cases  149, 3.4 TPLR 2.89 (D.D.C. 1988)

   I apologize for my lack of professionalism in your court.  Again through discovery time, I realized my due process of the law will only be assured by a trial by jury before your honor judge Hillman.  I will only bring up several facts before you, but it was a daily routine of becoming ill every day. For 8-10 years, several times of day.

1. won state arbitration case relating to some issues prior to being intentionally unjustly discharged d from USPS
2. USPS claimed I committed assault and battery on a supervisor. I fully admit the contact was accidental. The claims that accidental conduct cannot be charged as assault and battery. In the Boston law library the clerk indicated that there was never a case of assault and battery. That the damage of the assault was a toe print of a boot (in winter) on other persons shiny shoes. Again, an accident cannot be associated to any assault and battery.
3. The  intent to knowingly inflict damage to a person who only wanted not to be exposed to toxic second hand smoke every day several times a day for 8-10 years. I followed proper procedure but the USPS abused their power to ruin my life (lying, false statements, unfair treatment, and unjust discipline, breaking E.E.O. contracts, breaking national binding contract ,not properly processing hazard reports, retaliation.  This is only a tip of the ice burg the USPS abuse directed to me.

   I hope you will look over a couple of documents of the professional behavior of the USPS. I really hope you can understand knowing you will be going to work ill. If  second hand affected your health and you were exposed every day in your chambers, also knowing  all this time your supervisor(management) knew being exposed would get you ill and being exposed would get you ill, and being exposed was the responsibility of management to provide a healthy work environment, must be assured at all cost to all employees. M motion is to keep my right for subpena at my court date. A jury is essential to having a due process of law, and finally have a fair day in court.  If the people really knew the type of treatment issued to ward employees by management would be shocked. I am only asking for a jury, or to issue this to the Supreme Court   My life and health is in a state of ruin, only because I asked for a healthy work environment.

Again try to understand my little   knowledge of proper procedure, but nobody (lawyers) was willing to help me in this matter (scared of ruining there reputation and going against an inferior corporation: ).  A man with out rights and a man with out a country.  Please

help me in this unfair and unjust treatment directed toward me by USPS of the central mass district distribution Center.

Our ancestors during the Massachusetts colonies died during the Revolutionary War. The outcome was the Constitution of Massachusetts and rights for the people are still in effect today. As time past a new era evolved in all directions. Their were progressive laws, new ways of living, new types of citizens brought fresh problems for the commonwealth to solve. The general court enacted laws more progressive for their day than any other notion, to prevent the exploitation of woman and minors and to guard the health of all workers known as civil rights. Thank you very much Judge Hillman for your time and consideration.

Sincerely,

John R. Gibree

John R Gibree

WEST/CENTRAL REGIONAL OFFICE
88 INDUSTRY AVENUE, STE. A
SPRINGFIELD, MA. 01104-3296

PHONE: 413-452-4700
TDD: 1-800-438-0471

MASSACHUSETTS DIVISION OF EMPLOYMENT AND TRAINING
DET Hearings Department

10

MAIL DATE: 03/04/04

*APPEAL NOTICE*OPEN IMMEDIATELY*

JOHN R GIBREE
11 MARWOOD RD

WORCESTER MA
01602-0000

## HEARINGS DEPARTMENT

## APPEAL ACKNOWLEDGEMENT

Docket Number: 381380
SSN: 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
Appeal Filed: 02/25/04
Appellant: JOHN R GIBREE

Employer: USPS UNEMPLOYMENT COORDINATOR
Claimant: JOHN R GIBREE

Your appeal has been received by the Hearings Department. A hearing will be scheduled and you will be notified of the date, place, and time of the hearing.

YOU MUST BEGIN PREPARATION FOR THE UPCOMING HEARING NOW.

It is important that you read the enclosed materials, which describe your rights and responsibilities in the hearing process. If you do not receive a Notice of Hearing within 30 days, please call us at the number listed at the top of this notice.

**Remember: Even if you are disqualified from collecting benefits, you should continue to sign and return your certification form to DET for each week you are unemployed. This will protect your rights to collect UI benefits. If you continue signing and your disqualification is overturned as a result of an appeal, DET will automatically mail your checks to you if you have met all other eligibility requirements.**



MASSACHUSETTS
DIVISION OF
EMPLOYMENT
AND TRAINING

**Hearings Department**
**West Central Regional Office**
**88 Industry Avenue**
**Springfield, MA 01104**
**Phone: 413-452-4700**
**Fax: 413-784-1309**
**TDD: 1-800-438-0471**

# DECISION

**DOCKET NUMBER: 381380**

## I. STATUTORY PROVISION(S) AND ISSUE(S) OF LAW:

MGL Chapter 151A, §§25(e)(1) & (e)(2) - Whether there is substantial and credible evidence to show that the claimant left work voluntarily with good cause attributable to the employer or its agent, or involuntarily for urgent, compelling and necessitous reasons, or by discharge for deliberate misconduct in willful disregard of the employing unit's interest, or for a knowing violation of a reasonable and uniformly enforced policy or rule, unless the violation was the result of the employee's incompetence.

## II. FINDINGS OF FACT:

1. The claimant worked as a full-time Mail Handler with the postal service from March 3, 1987 until discharged from employment on December 29, 2003.

2. The claimant was discharged from employment for refusing to use a safety belt and allegedly stepping on a supervisor's foot in order to harm the supervisor.

3. On December 29, 2003 a supervisor directed the claimant to wear a safety belt while operating the employer's forklift. The claimant refused because he had never worn a safety belt and believed it unsafe to do so.

4. The supervisor sent the claimant home for his refusal. As he was leaving, the claimant accidentally stepped on the supervisor's foot.

5. The claimant was sent home by the employer pending the outcome of disciplinary proceedings against the claimant. The claimant was not suspended from employment for a fixed time or notified of a date upon which he had the right to return to work.

6. The claimant has not been returned to his job since being sent home on December 29, 2004.

7. The claimant had never worn a safety belt while operating the employer's forklift.

Commonwealth of Massachusetts

**Mitt Romney**, Governor
**Kerry Healey**, Lt. Governor

**Jane C. Edmonds**, Director, Dept. of Labor & Workforce Development
**John A. King**, Director, Division of Employment and Training

| Tuesday, June 08, 2004 | SUSPENSION SECTION 25 (f) CLAIMANT STATEMENT |  MASSACHUSETTS DIVISION OF EMPLOYMENT AND TRAINING |

| **Date of Statement:** 02/18/04 | **Social** 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 | **Claim File Date:** 01/30/04 |
|---|---|---|
| **Claimant's Name:** GIBREE, JOHN | **Issue ID:** 13 | **BYE** 01/22/05 |
| **Address:** 11 MARWOOD RD | **City:** WORCESTER   **State:** MA | **Zip:** 01602 |
| **Employer's Name:** U.S. POSTAL SERVICE | | |
| **Address:** INFO. SYSTEMS AND ACCOUN | **City:** EAGAN   **State:** MN | **Zip:** 55121 |
| **Interpreter's Name:** | | |
| **Address:** | **City:**   **State:** MA | **Zip:** |

| On | Time | I left a message on the claimant's answering machine. |
| On | Time | I left a message with the claimants |

Named:

I indicated that I needed information about the claimant's suspension from his/her work in order to determine her/his eligibility for unemployment benefits. I asked the claimant to call me by
, and indicated that if I did not hear from her/him, I would resolve the issue based on available information.

| On | I mailed a form | to the claimant. |

Contacts

**My name is:** Donna Clifford

You have been referred to me because you said that you are currently suspended from your employment, not permanently separated. I need to ask you some additional questions. I will be interviewing your employer as well, and after that it may be necessary for me to contact you again. Once I have all of this information, a determination will be made regarding your eligibility for benefits.

| **Why were you suspended?** | NOT WEARING A SEATBELT IN A POST OFFICE FORKLIFT |
|---|---|
| **What date did the suspension begin?** | 12/29/03 |
| **What date did/will it end?** | 03/01/04 |
| **Will you be able to go back to work after the suspension?** | NO |
| **Does the employer have a rule or policy which relates to the reason for this suspension?:** | YES |
| **What is the rule?** | YOU HAVE TO WEAR A SEATBELT WHILE OPERATING A FORKLIFT. |
| **What are the consequences of violating this rule or policy?** | Suspension |
| **Were you made aware of the rule?** | ○ Yes  ● No |
| **How were you made aware of the rule?** | Verbal |
| **If other, please state method** | |
| **What did you do that was in violation of the rule?** | I DIDN'T WEAR A SEATBELT BECAUSE THE PAST 8 YEARS I HAVENT WORN ONE. |
| **Did you know that your actions were in violation of the rule?** | YES, BUT MANAGEMENT DID NOT ENFORCE IT. |
| **Do you know what happened to other employees who have violated the rule?** | Nothing |
| **Are you a public employee (an officer of a county, city, town, district, or the Commonwealth)?** | NO |

| Page 1 of 4 | (rptIS13) | Social 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 | Claim File Date: 01/30/04 | BYE: 01/22/05 |

Tuesday, June 08, 2004

**SUSPENSION**

**SECTION 25 (f)**

**EMPLOYER STATEMENT**

DET
MASSACHUSETTS
DIVISION OF
EMPLOYMENT
AND TRAINING

On 02/18/04 Time 3:00 PM **I left a message for:** ANN BURDETT & LARRY MIDURA on his/her answering machine/voice mail.

On Time I left a message with

to have call me.

I indicated that I needed information about the reason for the claimant's suspension in order to determine her/his eligibility for unemployment benefits. I asked the employer to call me by 02/23/04 3:00 PM , and indicated that if I did not hear from her/him, I would resolve the issue based on available information.

On a form 261 to the employer.

Contacts 02/23/04 3PM SPOKE TO LARRY MIDURA

**My name is:** Donna Clifford

**from the DET. I am contacting you in order to obtain information regarding your employee, GIBREE, JOHN**

**.S/he has filed a claim for unemployment benefits, and stated that s/he was suspended.**

**.Once I have all of the information, I will make a determination regarding eligibility for benefits.**

HAS THE 1062 BEEN RETURNED ? ○ Yes ⦿ No

IF NOT, REMIND THE EMPLOYER TO RETURN IT BY THE DUE DATE TO PROTECT THEIR RIGHTS AS AN INTERESTED PARTY go to Late 1062/1074 Template if form is late

**Why did you suspend the claimant?** UNACCEPTABLE CONDUCT - HE STEPPED ON SUPERVISORS FOOT & REFUSED TO USE HIS SEATBELT.

**What date did the suspension begin?** 12/29/03

What date did or will it end? 03/1/04

**Was the claimant allowed, or will be allowed, to return to work after the suspension?** ○ Yes ⦿ No

**Do you have a rule or policy that relates to the reason for this suspension?** ⦿ Yes ○ No

What is the rule or policy? EMPLOYEES ARE EXPECTED TO DISCHARGE THEIR ASSIGNED DUTIES CONSCIENTIOUSLY & EFFECTIVELY.

What are the consequences of violating the rule or policy? Termination

How are employees made aware of the rule or policy? MANUAL

**What did the claimant do that was in violation of the rule or policy?** SEE ABOVE

What has happened to other employees who have violated this rule or policy? PROGRESSIVE DISCIPL

**If you are a public employer, was the claimant an officer of a county, city, town, district, or the Commonwealth?** FEDERAL

**Was the claimant indefinitely suspended because of an indictment for misconduct while in office?** ○ Yes ⦿ No

**Rebuttal** HE IS GETTING HIS FULL PAY UNTIL 03/01/04 BUT HE IS NOT WORKING. HE IS IN ADMINISTRATIVE LEAVE STATUS.

False Statement Lie

**Have you been indefinitely suspended because of an indictment for misconduct while in office?** ○ Yes ◉ No

**Are you able, available and actively seeking work?** ◉ Yes ○ No

**If claimant states No, go to Able and Available Template**

**Rebuttal:**

6-2-05 6-2-05

John Gilbree
Plaintiff

Vs.

United States Postal Service

FILED
IN CLERKS OFFICE

2005 JUN -7 A 9:55

U.S. DISTRICT COURT
DISTRICT OF MASS.

Cival case # 04-40251-FDS

This is a motion To continue The case due To The Abuse This little DickTaTor Supervisior has willingly Abused his AuThority.

I would have a greater need To bring closure To This case A.S.A.P. The better For My Health

Thank You
Very Much
John R. Gilbree
John R Gilbree

USPS. TreaTmenT on Following Pages

**NATIONAL POSTAL MAILHANDLERS UNION**
**DIVISION OF THE LABORERS INTERNATIONAL**
**UNION OF NORTH AMERICA AFL-CIO LOCAL-301**

August 22, 2002 (02-3104) John Gibree

Arthur LeDoux
MDO, Tour 3
CMP&DC
192 Main Street
Shrewsbury, MA 01546

Mr. LeDoux,



The Union is submitting this letter of corrections and additions in accordance with Article 15.2(i) of the National Agreement.

Management failed to show that the discipline at issue is progressive in nature. Clearly this notice is punitive. M.D.O. Armand Geoffrion purposely antagonizes Mr. Gibree. Mr. Geoffrion has told the Branch President that he is in fact "out to get John". Mr. Geoffrion could have avoided the whole issue had he allowed his floor supervisor to do his job. The step 2 agreement for this facility is "the actual determination of whether a request for documentation is appropriate will be made by the immediate supervisor who will so notify the employee, if necessary." M.D.O. Armand Geoffrion was not John's immediate supervisor S.D.O. Doug Downing was. M.D.O. Arthur LeDoux knows this and should have realized this before concurring on the suspension. Management cites E.L.M. 513.365 in the notice of suspension. What management fails to mention when citing this section is that the manual states "....or AWOL" management had other options before charging Mr. Gibree with AWOL.

Request for documentation other than for those on restricted sick leave is for the protection of the interests of the Postal Service. Management did not, and has not stated what the "interests of the Postal Service" is that they are protecting. M.D.O. Geoffrion states in the 2608 that he asked John for "acceptable documentation", yet M.D.O. Geoffrion never stated to John what was "acceptable". John wrote on the 3971 why he was going home sick and the reason he was sick. Not all sick leave results in a trip to the hospital. M.D.O. Geoffrion did not ask for "medical documentation".

The union presented a copy of Mr. Gibree's 3972 for the year 2002. This form was printed in July 2002. Under the dates cited in the notice of suspension (July 4 and 5 2002) there is no notice of John being absent, never mind being AWOL. Instead they list only one day, July 3 2002. This is one more reason that the suspension is deficient.

The union is also arguing that Mr. LeDoux should not have been the Step 2 Designee on this suspension. Mr. Ledoux was the concurring official, and then was placed as the step 2 designee. Mr. Ledoux should have excused himself and allowed one of the other Step 2 Designee's to replace him on this one grievance. Due to Mr. LeDoux friendship with Mr. Geoffrion outside of work, this clouds management's impartiality on this particular grievance. Mr. LeDoux did not even bother to conduct a proper investigation before concurring. One of the obligations of management is to have given the employee his "day in court"

Next Page

had Mr. LeDoux given John his day in court, or a pre- disciplinary interview, then this whole situation could probably been avoided. Instead, M.D.O. Geoffrion is fulfilling his statement of "getting John".

Craig Lauzon
Branch President
Branch 127
Mail Handlers Local 301
CMP&DC
192 Main Street
Shrewsbury, MA 01546



II

# OTHER APPLICABLE LAWS AND REGULATIONS

## The Weingarten Right

In the case of NLRB v. J. Weingarten, Inc., the U.S. Supreme Court held that an employee has a right, under Section 7 of the NLRA, to have a knowledgeable union representative present whenever he or she is interviewed by a supervisor or Postal Inspector, and has reasonable cause to believe that discipline will result from that interview. This right is independent of any rights under the National Agreement.

Section 7 of the NLRA states in part "that employees have the right to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." When enforcing Weingarten rights, the courts and the NLRB emphasize the term "mutual aid or protection," and conclude that an employee is entitled to union representation when being interviewed or questioned with reasonable cause to believe discipline may result.

It must be recognized, however, that the Weingarten right is the employee's right and not the union's. Thus, to be activated, the employee, rather than the union, must request the presence of a union representative. Once the request is made, the employer is required to either:

(1) grant the request;
(2) discontinue the interview unaccompanied by a union representative; or
(3) have no interview at all.

There are two principle characteristics of a Weingarten situation that must be considered in determining whether or not an employee has a Section 7 right to the presence of a union representative.

1. Generally, the interview must be investigatory in nature. In Weingarten, a member of the Retail Clerks union was called in by

# Local 301, Mail Handlers Union

Division of the Laborers' International
Union of North America, A.F.L.-C.I.O

#3

Local 301

NEW ENGLAND

6/15/93

HEADQUARTERS:
38 CHAUNCY STREET, SUITE 802
BOSTON, MA 02111-2301
Telephone: (617) 426-4616
Fax: (617) 423-1727

The following is an account of a conversation between Dave West (union steward) and Armand Geoffrion (supervisor). As a witness of this conversation, I observed the conversation was about the rights of a female mailhandler to bump a casual. The jist of the conversation was that Armand was tired of the whining and complaining of the "bitches". He alleged he did not want to put up with "any more of their shit". Armand said this was off the record. Dave stated that statements would be taken as on the record since he was there as a steward. Armand said he "didn't give a fuck". Armand also stated that he could get away with anything once. Dave stated that we all had the same contract and should adhere to it. Armand again stated that he "didn't give a fuck". Again the reference to the female mailhandlers was "bitches" and "fucking cunts".

Basically the conversation was rough, derogatory, and non-caring by Armand.

Michael S. Ziemba
Tour 1 Mailhandler

# Local 301, Mail Handlers Union

Division of the Laborers' International
Union of North America, A.F.L.-C.I.O

I #1

Local 301 Professional | Supervision History Item 4 NEW ENGLAND

HEADQUARTERS:
38 CHAUNCY STREET, SUITE 802
BOSTON, MA 02111-2301
Telephone: (617) 426-4616
Fax: (617) 423-1727

6/15/93

At approximately 10:05 p.m. I (David West-union steward) approached supervisor Armand Geoffrion in regards to mailhandler Sharon Scirpoli being emotionally distraught. Armand proceeded to tell me how these no-good bitches were useless, unoficially, he laughed. I then told Armand that every thing being said was official as I was investigating this problem as an official of the Mailhandlers Union. Supervisor Geoffrion told me he didn't give a shit and he was tired of lazy workers, especially these silly cunts. I told Supervisor Geoffrion I was under the impression that dignity and respect towards workers was taking a precedent in the Postal Service. He replied that he didn't care about that and he was going to move the mail anyway he saw fit, contract or no contract. His statement at this point was "Write a fucking grievance". He then told me he can do anything once even if he knows it is wrong. I told Supervisor Geoffrion that this was not how things worked. He shouted "Fuck it. Tell the plant manager because I really don't give a shit." Supervisor Geoffrion's attitude is "I am king and the rest of the people working here are dog shit." This is the second major incedent in one month involving Armand Geoffrion in a confrontation with mailhandlers in totally showing no respect to the person whatsoever. If Supervisor Geoffrion doesn't wish to work together with the Mailhandlers Union as other supervisors are doing in the hopes of improving our working lives, then he should be granted permission to return to the craft he came from.

David A. West

David West
Steward-Tour 1
Local 301
NPMHU

I have been Treated like This all The Time by Armin Geoffrion, more than any other employee. Armin has set a Standard To have IT in for me.